**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAR 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| TIDIANE KONE,<br><br>            Plaintiff-Appellant,<br><br>   v.<br><br>JUSTIN BROWN, Lieutenant; COX, SSgt;<br>LAPINSKAS; KAMARA, Sgt.; FOLTZ,<br>Officer; GACEL, Officer; JOSHUA<br>KOMAREK; KEVIN NUSHART; DOYLE<br>BRUECKNE; BAUER, Officer; BRIAN<br>MORRIS; JASON BROWN; COX; P.<br>BAUER; COOP STORE, Spring Creek Coop<br>Store; W. LAPINSKAS,<br><br>            Defendants-Appellees. | No.   22-35797<br><br>D.C. No. 3:19-cv-00307-RRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted March 19, 2024[**]
San Francisco, California

Before:  FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Alaska state prisoner Tidiane Kone appeals pro se from the district court's order denying his motion for summary judgment and granting summary judgment to defendants-appellees in his 42 U.S.C. § 1983 action alleging violations of his First, Eighth, and Fourteenth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.[1]

1. The district court did not err in granting summary judgment to defendants-appellees on Kone's First Amendment retaliation claim against Brown and Cox, his Eighth Amendment failure to protect claim against Komarek, Cox, and Foltz, or his Fourteenth Amendment equal protection claim against Komarek, Cox, and Foltz. Kone failed to raise a genuine dispute of material fact as to whether Brown and Cox's allegedly adverse actions were causally connected to his complaints or advanced a legitimate correctional purpose. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (setting forth the elements of a retaliation claim in the prison context). Kone failed to raise a genuine dispute of material fact as to whether Komarek, Cox, and Foltz were deliberately indifferent to a "substantial risk of serious harm" to Kone's safety. *See Farmer v. Brennan*, 511 U.S. 825, 834–37

[1] We **DENY** Kone's three motions filed on February 6, 2023, and March 22, 2023. Dkt. Nos. 19–20, 25. Because Kone filed his reply brief within fourteen days of the answering brief's filing, we **DENY** as moot Kone's motion for an extension of time to file his reply brief, filed June 8, 2023. Dkt. No. 36.

(1994). And Kone also failed to raise a genuine dispute of material fact as to whether he was purposefully discriminated against on the basis of race. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030–31 (9th Cir. 2013).

2. To the extent Kone asserts claims that the district court dismissed in its Third Screening Order or that he otherwise did not properly raise before the district court, we do not consider them. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]n appellate court will not consider issues not properly raised before the district court."); *see also id.* (arguments not raised in an opening brief are forfeited).

**AFFIRMED.**